# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT JOE STRANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-472-D |
| | ) | |
| DARREN GIPSON et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Court is in receipt of documents that Robert Joe Strange, a state prisoner appearing pro se, has tendered to initiate this civil action without prepayment of fees and costs. *See generally* Compl. (Doc. No. 1) at 1-9; Pl.'s IFP App. (Doc. No. 2) at 1. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that the action be dismissed without prejudice because Plaintiff has failed to prosecute his case in accordance with this Court's orders and procedural rules.

## BACKGROUND

In April 2017, Plaintiff filed a complaint and an affidavit in which he declared that he is "a poor person without funds or property or relatives willing to assist [him] in paying for filing the within instrument." Pl.'s IFP App. at 1. The Court liberally construed the affidavit as a request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *See* Order of Apr. 27, 2017, (Doc. No. 6) at 1-3. By Order dated April 27, 2017, the Court advised Plaintiff of the steps that would be required to properly apply to proceed IFP and informed

Plaintiff that he must either provide the missing financial information or pay the required $400.00 filing fee. *See id.* at 2 (citing 28 U.S.C. § 1915(a)(1)-(2); LCvR 3.3(b)). The Court also warned Plaintiff that his failure to comply with this Order by May 18, 2017, could result in the dismissal of this action. *Id.* (citing LCvR 3.2, 3.3(e), 9.2). The Clerk's Office promptly mailed the Order to Plaintiff at his address of record, and there is no indication on the Court's docket that Plaintiff did not receive the Order. As of today's date, Plaintiff has neither complied with the Order nor sought an extension of time within which to do so. The Court has not received any documents from Plaintiff in this action since April 21, 2017.

ANALYSIS

This Court has inherent authority to clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from courts' calendars where there has been prolonged and unexcused delay," *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988), or to "sanction a party for failing to . . . comply with local or federal procedural rules," *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014) (citing Fed. R. Civ. P. 41(b)).

Plaintiff has been warned that his failure to comply with the Court's directives and rules, and to do so by a date certain, may result in his case being dismissed without prejudice. Order of Apr. 27, 2017, at 1-2. Despite being given the opportunity to do so, Plaintiff has not taken the steps necessary to move forward with his case. *See Robledo-Valdez*, 593 F. App'x at 774; *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540 (10th Cir. 2008) (noting that a district court cannot grant IFP status to an incarcerated plaintiff without the financial information required by 28 U.S.C. § 1915, and it may dismiss an action without prejudice when the prisoner unjustifiably fails to timely submit this information). Plaintiff's failure to comply with the Court's orders and deadlines leaves the Court unable to "achieve [an] orderly and expeditious" resolution of this action. *Link*, 370 U.S. at 631.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice and without imposition of fees or costs.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 27, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 6th day of June, 2017.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE